UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT FRIEDLAND, | : | |
| | : | |
| Petitioner, | : | Civ. No. 13-7147 (RBK) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| JORDAN HOLLINGSWORTH, | : | |
| | : | |
| Respondent. | : | |

Petitioner was formerly incarcerated at F.C.I. Fort Dix, in Fort Dix New Jersey. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. The petition raised three claims: (1) denial of medical treatment; (2) denial of four months of previously approved time in a halfway home or home confinement; and (3) ineffective assistance of counsel. The Southern District of New York dismissed petitioner's denial of medical care and ineffective assistance of counsel claims without prejudice as they were not properly brought in a § 2241 action. (*See* Dkt. No. 2 at p. 2.) The Southern District of New York then transferred the habeas petition, which now contained only petitioner's halfway house claim, to this Court as petitioner was incarcerated at F.C.I. Fort Dix. This District, as opposed to the Southern District of New York, was the proper venue for this remaining claim as petitioner was incarcerated in New Jersey. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).

Typically, at this time, the Court would order the respondent to file an answer to the habeas petition. However, petitioner was released from federal incarceration on August 4, 2014. *See http://www.bop.gov/inmateloc/* (last visited on February 6, 2015); *see also Walsh v. Zickefoose*, No. 12-3961, 2013 WL 504600, at *6 (D.N.J. Feb. 8, 2013) (taking judicial notice of

federal prisoner's projected release date from inmate locator website); *Obi v. Hogsten*, No. 05-2531, 2006 WL 42175, at *1 n.2 (M.D. Pa. Jan. 6, 2006) (taking judicial notice of prisoner's release date from Bureau of Prisons inmate locator website). As petitioner has now been released, the sole claim remaining in his habeas petition may be moot. *Cf. Moncrieffe v. Yost*, 397 F. App'x 738, 739 (3d Cir. 2010) (per curiam) (finding petitioner's habeas petition moot where petitioner challenged BOP's decision that he serve only the final 90-120 days in RRC as petitioner was released from BOP custody while appealing the denial of his habeas petition); *Kazanjian v. Scism*, No. 10-0203, 2011 WL 531948, at *1 (M.D. Pa. Feb. 8, 2011) (finding petitioner's habeas petition challenging RRC placement moot where he had been released from BOP custody). Therefore, petitioner shall be ordered to show cause why his habeas petition should not be dismissed as moot before the Court orders the respondent to file an answer.

Accordingly, IT IS on this  9th  day of  February,  2015,

ORDERED that petitioner shall show cause within twenty-one (21) days of the date of this Order why his habeas petition should not be dismissed as moot because he has been released from federal incarceration; and it is further

ORDERED that petitioner's failure to respond to this Order within twenty-one (21) days may result in dismissal of this action.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge