**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

ROBERT FRIEDLAND,                      :
                                              :
                  Petitioner,             :       Civ. No. 13-7147 (RBK)
                                              :
         v.                                    :       **OPINION**
                                              :
JORDAN R. HOLLINGSWORTH,               :
                                              :
                Respondent.              :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

**I.       INTRODUCTION AND BACKGROUND**

Petitioner is a former federal prisoner who was previously incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was previously transferred from the United States District Court for the Southern District of New York.  The sole remaining claim in the habeas petition is that petitioner challenges the amount of halfway house/home confinement he was given by the Federal Bureau of Prisons ("BOP").  He has requested an additional four months of home confinement time.

On February 9, 2015, this Court issued an order to show cause on petitioner.  More specifically, the Court noted that the BOP's locator website indicated that petitioner had been released from federal incarceration on August 4, 2014.  Thus, petitioner was informed that his habeas petition may now be moot.  He was given twenty-one days in which to show cause why his habeas petition should not be dismissed as moot.  Petitioner has failed to respond to the order to show cause.

1

## II.       STANDARD FOR *SUA SPONTE DISMISSAL*

With respect to screening the instant petition for mootness, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## III.       DISCUSSION

Article III of the Constitution "'requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the Court must dismiss the case for lack of jurisdiction." *Moncrieffe v. Yost*, 397 F. App'x 738, 739 (3d Cir. 2010) (per curiam) (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992)). The issue of whether petitioner's habeas petition is moot was properly raised by this Court *sua sponte* in light of his release from federal prison. *See Chong v. Dist. Dir., Immigration and Naturalization Serv.*, 264 F.3d 378, 383 (3d Cir. 2001) ("Although the parties did not raise the case or controversy issue in their original briefs, we must resolve the issue because it

implicates our jurisdiction.") (citing *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978); *Rogin v. Bensalem Twp.*, 616 F.2d 680, 684 (3d Cir. 1980)); *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001) (noting that the court is raising mootness of denial of habeas petition *sua sponte* because it is required to raise issues of standing if such issues exist); *Perez v. Zickefoose*, No. 12-5300, 2014 WL 47727, at *1 (D.N.J. Jan. 7, 2014) (raising the issue of whether a habeas petition is moot *sua sponte*) (citations omitted).

In light of petitioner's release from federal incarceration, the Court finds that his habeas petition which challenged the amount of time he should spend in a halfway house or under home confinement is now moot. *See Moncrieffe*, 397 F. App'x at 739 (finding petitioner's habeas petition moot where petitioner challenged BOP's decision that he serve only the final 90-120 days in residential re-entry center ("RRC") as petitioner was released from BOP custody while appealing the denial of his habeas petition); *Kazanjian v. Scism*, No. 10-0203, 2011 WL 531948, at *1 (M.D. Pa. Feb. 8, 2011) (finding petitioner's habeas petition challenging RRC placement moot where he had been released from BOP custody).  Additionally, it is worth noting that the Court gave petitioner the opportunity to claim collateral consequences based on the purported time (or lack thereof) that the BOP determined that he should be placed in a halfway house or under home confinement. *See Chong*, 264 F.3d at 384 (noting exception to mootness doctrine where secondary or "collateral" injuries survive after resolution of the primary injury). Nevertheless, despite being given an opportunity to respond in the order to show cause which raised the mootness issue, petitioner failed to respond and assert any collateral consequences. Thus, the habeas petition will be summarily dismissed as moot.

**IV.    CONCLUSION**

For the foregoing reasons, the habeas petition is summarily dismissed as moot.  An appropriate order will be entered.


DATED:  March 3, 2015

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge